UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IRMA O., | ) | |
| | ) | |
| Plaintiff, | ) | No. 21-cv-4439 |
| | ) | |
| v. | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| KILILO KIJAKAZI, Acting Commissioner of the Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Irma O.[1] appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under the Social Security Act. The Parties have filed cross motions for summary judgment. For the reasons detailed below, Plaintiff's motion (dkt. 12) is granted and the Commissioner's Motion for Summary Judgment (dkt. 15) is denied. This case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

    I.    **Social Security Regulations and Standard of Review**

The Social Security Act requires all applicants to prove they are disabled as of their date last insured to be eligible for disability insurance benefits. Administrative Law Judges ("ALJs") are required to follow a sequential five-step test to assess whether a claimant is legally disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; and (3) whether the severe impairment meets or equals one considered conclusively disabling such that the claimant is impeded from performing basic work-related activities. 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920(a)(4)(i)-(v). If the impairment(s) does

---

[1] In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initial of her last name(s).

meet or equal this standard, the inquiry is over and the claimant is disabled. 20 C.F.R. § 416.920(a)(4). If not, the evaluation continues and the ALJ must determine (4) whether the claimant is capable of performing his past relevant work. *Cannon v. Harris*, 651 F.2d 513, 517 (7th Cir. 1981). If not, the ALJ must (5) consider the claimant's age, education, and prior work experience and evaluate whether she is able to engage in another type of work existing in a significant number of jobs in the national economy. *Id*. At the fourth and fifth steps of the inquiry, the ALJ is required to evaluate the claimant's RFC in calculating which work-related activities she is capable of performing given his limitations. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004). In the final step, the burden shifts to the Commissioner to show there are significant jobs available that the claimant is able to perform. *Smith v. Schweiker*, 735 F.2d 267, 270 (7th Cir. 1984).

In disability insurance benefits cases, a court's scope of review is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004). Substantial evidence exists when a "reasonable mind might accept [the evidence] as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). While reviewing a commissioner's decision, the Court may not "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Young*, 362 F.3d at 1001. Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and his conclusion. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (internal citation omitted). Even where "reasonable minds could differ" or an alternative position is also supported by substantial evidence, the ALJ's judgment must be affirmed if supported by substantial evidence. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008); *Scheck*, 357 F.3d at 699. On the other hand, the Court cannot let the Commissioner's decision stand if the decision lacks sufficient evidentiary support, an adequate

discussion of the issues, or is undermined by legal error. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535,539 (7th Cir. 2003); *see also*, 42 U.S.C.§ 405(g).

**II. Background and Discussion**

On October 31, 2019, Plaintiff filed a claim for DIB with an onset date of February 22, 2018. (R. 27.) The claim was denied initially and upon reconsideration, after which Plaintiff timely requested a hearing before an ALJ. (*Id.*) That hearing was held on February 22, 2021. (*Id.*) On March 8, 2021, the ALJ denied Plaintiff's claim, finding her not disabled under the Act and therefore ineligible for benefits. (R. 27-36.) On August 6, 2021, the Appeals Council denied Plaintiff's request for review, (R. 1-3), leaving the ALJ's decision as the final decision of the Commissioner, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

The ALJ's opinion followed the five-step analytical process required by 20 C.F.R. § 416.920. At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of February 22, 2018. (R. 29.) At Step Two, the ALJ found Plaintiff had the severe impairments of lumbar degenerative disc disease and a disc extrusion. (*Id.*) At Step Three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart P, App'x 1. (R. 30.) Before Step Four, the ALJ found Plaintiff had the RFC to perform light work with the following limitations: never climb ladders, ropes, and scaffolds; only occasionally climb ramps or stairs; and occasionally stoop, kneel, crouch, and crawl. (*Id.*) At Step Four, the ALJ determined Plaintiff was incapable of performing her past relevant work. (R. 35.) At Step Five, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, considering her age, education, work experience, and RFC. (*Id.*) As a result of these findings, the ALJ ruled that Plaintiff was not disabled under the Act from the onset date through the date of the

decision. (R. 36.)

Plaintiff suffered a back injury while at work on September 19, 2016. (R. 183.) Plaintiff filed a worker's compensation claim against her employer, which she settled in early February 2018. (R. 183-184.) As noted above, Plaintiff alleges that her disability onset date is February 22, 2018. (R. 29.) In light of this history, there is some medical treatment for Plaintiff's back impairment that predates the onset date. The ALJ refused to analyze any pre-onset medical records in the opinion, writing:

> The claimant has a treatment history that predates her alleged onset date. However, the record indicates that the claimant worked until her alleged onset date and she did not allege that she became disabled until February 22, 2018.[2] Therefore, while I acknowledge the claimant's treatment history, this decision will not address the medical evidence that predates the claimant's alleged onset date in detail.

(R. 31 (internal citations omitted).)

Among the medical records the ALJ refused to discuss was an MRI of the lumbar spine dated November 16, 2016. (R. 271-273.) That MRI included findings of a "[s]mall hemangioma in L1 vertebral body" and "Schmorl's nodes in the adjacent end plates of T11 to L5 vertebral bodies."[3] (R. 271.) The ALJ did not discuss this MRI anywhere in the opinion and did not consider whether the aforementioned findings constituted a medically determinable impairment or whether they were

---

[2] It is not clear to the Court that Plaintiff worked up until her alleged onset date. The citation for this statement from the ALJ does not state that she worked until her onset date, only that she "became unable to work because of my disabling condition on February 22, 2018." (R. 185.) That is simply a recitation of the onset date. Furthermore, the fact that Plaintiff received a worker's compensation settlement for the period from her injury date through February 2018 suggests that she was, in fact, unable to work during that time period. Regardless, this potential factual error has no effect on the remainder of this Court's opinion.

[3] Spinal hemangiomas are a common spinal tumor that "are usually an incidental finding found on radiological imaging of the body and spine." National Library of Medicine: National Center for Biotechnology Information, *Spinal Hemangioma*, https://www.ncbi.nlm.nih.gov/books/NBK532997 (last visited October 20, 2022). A Schmorl's node is a type of disc herniation and are "common findings on imaging, and although most [Schmorl's nodes] are asymptomatic, some have been shown to become painful lesions." National Library of Medicine: National Center for Biotechnology Information, *Schmorl's Nodes*, https://www.ncbi.nlm.nih.gov/pmc/articles/PMC3481099 (last visited October 20, 2022). To be clear, the Court is not holding that the ALJ should have found these to be severe impairments or that they should have been reflected in Plaintiff's RFC. In fact, an argument could be made that these conditions were subsumed under the umbrella of the severe impairments the ALJ found. However, without any meaningful discussion of the MRI or Plaintiff's pre-onset medical records, the Court is unable to discern what findings, if any, the ALJ made regarding these records.

severe/non-severe impairments that may have affected Plaintiff's RFC.

It was error for the ALJ to refuse to address the medical evidence that predated the onset date. The Social Security Regulations require that an ALJ consider "all evidence in [the] case record when we make a determination or decision whether [the claimant is] disabled." 20 C.F.R. § 404.1520(a)(3). This includes evidence that predates the onset date. *Robert M.W. v. Saul*, 2020 WL 6801842, at *5 (N.D. Ill. Nov. 19, 2020). "'[T]he ALJ should consider the record as a whole, including pre-onset evidence (particularly relating to a degenerative condition) and post-onset evidence.'" *Samuel v. Berryhill*, 2018 WL 1706370, at *3 (N.D. Ill. Apr. 9, 2018) (quoting *Johnson v. Sullivan*, 915 F.2d 1575, at *3 (7th Cir. 1990)). "The Seventh Circuit and other circuits have ruled that an ALJ must consider 'all' evidence in the administrative record and, in fact, pre-onset evidence may be particularly relevant to assessing a claimant's degenerative condition post-onset." *Doherty v. Astrue*, 2012 WL 447026, at *5 (S.D. Ind. Sept. 27, 2012). Even if it were true that Plaintiff was working full time up until her onset date, that would not permit the ALJ to simply ignore pre-onset evidence; such evidence is still relevant in evaluating Plaintiff's medical conditions, even if it is not necessarily outcome determinative. *See Doherty*, 2012 WL 447026, at *5 ("It may be true that Mr. Doherty could not be found disabled at any time before March 2007 because he was still working at a level of substantial gainful activity (under step one), but it does not follow that medical evidence predating his alleged disability onset or during any period of substantial work activity is "irrelevant" to evaluating disability at later points in time").

In this case, the ALJ chose not to address any medical evidence that predated Plaintiff's alleged onset date. Per the cases cited above, this is reversible error. Because the ALJ did not discuss the pre-onset medical evidence, particularly the 2016 MRI discussed above, the Court cannot tell whether the ALJ found the medical findings from 2016 were non-severe or so vague as to not qualify as a medically determinable impairment. The Court cannot adequately review the ALJ's opinion

5

because it is not clear what conclusions the ALJ reached on these issues and what evidence supports those conclusions. This is particularly important where, as here, the Plaintiff suffers from a degenerative impairment; the ALJ found Plaintiff suffered from degenerative disc disease of the lumbar spine, and medical evidence that predates the onset date would be important in understanding the progression of Plaintiff's condition from 2016 through the date of the ALJ's opinion. The Court remands this case and orders the ALJ to consider all evidence in the medical record on remand.

### III. Conclusion

Plaintiff's motion (dkt. 12) is granted and the Commissioner's Motion for Summary Judgment (dkt. 15) is denied. This case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

Entered: November 3, 2022

United States Magistrate Judge
Susan E. Cox